IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALDAR KULISHOV,<br><br>        Petitioner,<br><br>v.<br><br>DAVID O'NEILL, et al.<br><br>        Respondents. | CIVIL ACTION<br>NO. 25-7171 |

### ORDER

**AND NOW**, this 14th day of January 2026, upon consideration of Petitioner Aldar Kulishov's Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response in Opposition to Petitioner's Habeas Petition (Doc. No. 3), and Petitioner's Reply to Respondent's Response in Opposition (Doc. No. 4), is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.[1]  It is **FURTHER ORDERED** as follows:

---

[1] Petitioner Aldar Kulishov ("Petitioner") is a citizen of Russia who entered the United States in February of 2023. (Doc. No. 1 at ¶2–3.) Upon his entry, Petitioner was apprehended by Customs and Border Patrol, but was soon released on humanitarian parole. (Id. at ¶3–4.) Petitioner filed an Application for Asylum (Form I-589). (Id. at 5.) As a condition of his parole, Petitioner was required to check-in with the United States Immigration and Customs Enforcement ("ICE") at regular intervals. (Id. at ¶4.) During his most recent check-in on December 17, 2025, Petitioner was detained by ICE agents and placed in removal proceedings. (Id.) Petitioner is currently detained at the Federal Detention Center ("FDC") in Philadelphia. (Id. at ¶10.)

On December 18, 2025, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1), which is now before the Court. In that Petition, he asks the Court to order his immediate release. (Id. at 10.) On January 7, 2026, Respondents filed a Brief in Opposition to Petitioner's Habeas Petition. (Doc. No. 3.) On January 13, 2026, Petitioner filed his Reply to Respondents' Brief in Opposition. (Doc. No. 4.) The Petition is now ripe for disposition.

In his Petition, Petitioner submits that Respondents are detaining him in violation of the Administrative Procedure Act (APA) and the Due Process Clause. (See generally Doc. No. 1.) Respondents first counter this submission with a series of jurisdictional defenses, claiming that district courts cannot hear cases like Petitioner's. (See Doc. No. 3 at 4–9)

1) By January 26, 2026, Respondents must provide Petitioner with a bond hearing under 8 U.S.C. 1226(a), in which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

---

(arguing that 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii) divest district courts of jurisdiction to hear habeas petitions related to removal proceedings).

Second, Respondents assert that their authority to detain Petitioner stems not from 8 U.S.C. § 1226(a), but instead from 8 U.S.C. §1225(b)(2). (See Doc. No. 3 at 10–13.) That distinction matters because Section 1226(a) provides procedural protections for detainees—protections that Section 1225(b)(2) lacks. See 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section 1226(a) with individualized custody determinations, bond hearings, and rights of appeal); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). If, instead, Respondents are correct that Section 1225(b)(2) applies to Petitioner, then Petitioner's continued detention is not only mandatory, but Petitioner's request for a bond hearing is baseless. Finally, Respondents argue that Petitioner's detention does not violate the Due Process Clause. (Id. at 13–14.)

In his Reply, Petitioner argues that §1226(a) governs his detention. (Doc. No. 4 at 24–25.) As this Court has previously addressed, when an applicant for admission is apprehended after being in the United States for years, they are not "actively 'seeking admission'" at the time of their arrest, so §1225(b)(2) does not govern their detention. Demirel v. Fed. Det. Ctr. Phila., No. 25-cv-5488, 2025 U.S. Dist. LEXIS 226877, at *4 (E.D. Pa. Nov. 18 2025). Here, Petitioner, at the time of his arrest, had been present in the United States for nearly three years and was, thus, not actively "seeking admission." Because Section 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision.

Accordingly, Petitioner is entitled to the procedural protections afforded by Section 1226(a)—namely, a bond hearing before an Immigration Judge. As such, the Court will order Respondents to provide Petitioner with a bond hearing under Section 1226(a) by January 26, 2026. If Respondents do not hold a bond hearing by January 26, 2026, Petitioner must be released from detention while he awaits that hearing. In light of this decision, the Court will not address Petitioner's APA and due process claims.

For the foregoing reasons, the Court will grant Petitioner Aldar Kulishov's Petition for Writ of Habeas Corpus (Doc. No. 1).

2) If Respondents fail to hold a bond hearing by January 26, 2026, they must release Petitioner from detention while he awaits the bond hearing.

3) By January 29, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

> BY THE COURT:
>
> /s/ Joel H. Slomsky
> JOEL H. SLOMSKY, J.